496

S.W.2d 705, a case decided on October 31, 1938, made the comment: "Effect of the Hospelhorn case was to hold that a suit to enforce liability upon a bank stock assessment must be brought within three years, and not thereafter, and we so hold."

In the case of McClaine v. Rankin, 197 U.S. 154, at page 161, 25 S.Ct. 410, 412, 49 L.Ed. 702, 3 Ann.Cas. 500, the court states: "But it is an action to recover on an assessment levied by the Comptroller of the Currency by virtue of the act of Congress, and although the shareholder, in taking his shares, subjected himself to the liability prescribed by the statute, the question still remains whether that liability constituted a contract within the meaning of the statute of limitation of the state of Washington."

It would seem, therefore, that the question in the pending case is whether or not the liability constituted a contract within the meaning of the statute of limitations of our own State. The decision of the Supreme Court of Arkansas in the Vandover case is tantamount to the Supreme Court saying that a suit upon a shareholder's liability must be commenced within three years.

The construction given the statute of limitation in Arkansas by the Supreme Court of this State is binding. The argument of counsel for plaintiff that this suit was filed prior to March 6, 1939, and, therefore, would not affect the pending case is not tenable, since the court feels it is bound by the principle announced in the Vandover decision, and prior contrary opinions are effective only as res adjudicata of the particular case in which the decision was made.

For the above reasons the court thinks that the three year statute of limitation applies and, accordingly, the cause will be dismissed.

## In re RIOS.

District Court, S. D. New York.
June 22, 1939.

For original opinion, see 27 F.Supp. 744.

John Lane, of New York City, for George E. Lane's estate, objecting creditor.

Daniel Levy, of New York City, for bankrupt.

CONGER, District Judge.

The attorneys for the parties herein, having requested a re-argument of this matter, and I, having granted it, they appeared before me today and submitted a stipulation which I accepted. Upon a review of the testimony taken before the learned referee and after listening to the argument of the two attorneys and after reading the stipulation, I am satisfied that the bankrupt should receive his discharge.

The report of the Referee heretofore made recommending discharge, is hereby confirmed.